IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANTHONY T. BARNETT, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | |
| | : | NO. 5:12-CV-333 (MTT) |
| Chief Jailer NIELSON, | : | |
| | : | |
| Respondent. | : | **O R D E R** |

*Pro se* Petitioner **ANTHONY T. BARNETT**, an inmate at the Bibb County Law Enforcement Center ("BCLEC"), filed a petition for a writ of habeas corpus on this Court's 28 U.S.C. § 2241 form, in which he challenges his pre-trial detention and pending prosecution. Complaining about his allegedly unlawful detention for more than 12 months at the BCLEC, Petitioner's claims include that he was falsely arrested, that he was not read Miranda rights until he was in jail, and that his defense attorney has been ineffective. Petitioner asks that this Court order his immediate release.[1]

It is well-settled that exhaustion of state court remedies is required before a habeas corpus petitioner can proceed in federal court. ***See Braden v. 30th Judicial Circuit Court***, 410 U.S. 484, 489-92 (1973) (exhaustion is necessary under § 2241 as

---

[1] Petitioner also seeks damages for allegedly unlawful conditions of his confinement (e.g., denial of access to a law library). Such damages are not available in a habeas corpus action: The habeas petition's sole purpose is to seek release from confinement. For Petitioner validly to claim damages, he must file a separate 42 U.S.C. § 1983 action. ***See Hutcherson v. Riley***, 468 F.3d 750, 754 (11th Cir.2006).

well as § 2254); **Thomas v. Crosby**, 371 F.3d 782, 812 (11th Cir. 2004) (explaining that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies"). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254(c).

The Eleventh Circuit Court of Appeals held as follows regarding what a petitioner must do to exhaust a claim:

> Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." That is, to properly exhaust a claim, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review [*i.e.*, pursuant to a **state** habeas corpus action, O.C.G.A. § 9-14-1(a)].

**Mason v. Allen**, 605 F.3d 1114, 1119 (11th Cir. 2010)(citations omitted); **see also** **O'Sullivan v. Boerckel**, 526 U.S. 838, 845 (1999).

This Court previously advised Petitioner that he may not file a habeas corpus petition in this Court until after he has fully exhausted his state court remedies. **See Barnett v Unknown Defendant(s)**, 5:12-cv-303 (CAR). It is clear from the face of the petition that Petitioner has not exhausted his state remedies. Petitioner has an available state remedy to challenge his present confinement, as Georgia law allows any person "restrained under any pretext whatsoever ... [to] seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-I(a).

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in

the United States District Courts, the instant petition is hereby **DISMISSED WITHOUT PREVIOUS PREJUDICE.**[2]  Petitioner may refile his federal habeas petition once he has exhausted his state court remedies.

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts, as amended December 1, 2009, provides that "[t]he district court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant."  A COA may issue only if the applicant makes " a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  **See Slack v. McDaniel**, 529 U.S. 473, 478 (2000).  The Court concludes that reasonable jurists could not find that a dismissal of the instant action was debatable or wrong.  Accordingly, it is hereby **ORDERED** that Petitioner be **DENIED** a certificate of appealability.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**SO ORDERED**, this 17th day of August, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Under Rule 4, this Court is required to conduct a preliminary review of habeas corpus petitions and, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the Court must dismiss the petition.  **See McFarland v. Scott**, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  Rule 4 applies to section 2241 cases by virtue of Rule 1(b) of the Rules Governing Section 2254 Cases.